# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* FORFEITURE OF 2007 FORD FOCUS.

---

PEOPLE OF THE STATE OF MICHIGAN,

          Plaintiff-Appellee,

v

2007 FORD FOCUS, VIN NO.
1FAHP34N57W192507,

          Defendant,

and

STEVEN ROSS,

          Claimant-Appellant.

UNPUBLISHED
October 8, 2015

No. 321640
Wayne Circuit Court
LC No. 13-004428-CF

---

Before: GADOLA, P.J., and JANSEN and BECKERING, JJ.

JANSEN, J. (*dissenting*).

I respectfully dissent. I would affirm the trial court's judgment of foreclosure because the prosecution proved its case by a preponderance of the evidence.

As stated in the majority opinion, we review for clear error a trial court's findings of fact during a forfeiture proceeding. *In re Forfeiture of $19,250*, 209 Mich App 20, 29; 530 NW2d 759 (1995). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*.

" 'In Michigan, forfeiture proceedings are in rem civil proceedings and the government has the burden of proving its case by a preponderance of the evidence.' " *In re Forfeiture of $25,505*, 220 Mich App 572, 574; 560 NW2d 341 (1996) (citation omitted). As discussed in the majority opinion, MCL 333.7521 provides, in relevant part:

(1) The following property is subject to forfeiture:

(a) A prescription form, controlled substance, an imitation controlled substance, a controlled substance analogue, or other drug that has been manufactured, distributed, dispensed, used, possessed, or acquired in violation of this article.

\* \* \*

(d) Except as provided in subparagraphs (i) to (iv), a conveyance, including an aircraft, vehicle, or vessel used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a) or (b)[.]

The prosecution established by a preponderance of the evidence that Linda Ross ("Linda") used the vehicle to receive marijuana. Westland Police Officer Robert Fruit testified that he conducted a traffic stop of the vehicle on the night of the incident. Linda was the only person in the vehicle. Officer Fruit smelled a strong odor of burnt marijuana in the vehicle, and Linda told him that she had been smoking marijuana. Linda told Officer Fruit that she purchased marijuana from a customer and that she knew that the customer sold marijuana. She told Officer Fruit that she drove to another location and smoked the marijuana inside of the vehicle. Officer Fruit recovered marijuana and a marijuana pipe from under the front passenger seat of the vehicle. Officer Fruit's testimony established that Linda used the vehicle in order to receive marijuana from the customer since she drove to the customer's house knowing that he sold marijuana and purchased marijuana from him. See MCL 333.7521(1); *Forfeiture of $25,505*, 220 Mich App at 574. In addition, the prosecution admitted a police report from a December 2012 incident, in which Linda was a passenger in a vehicle where marijuana was found. Linda explained during her testimony that the police found a marijuana grinder containing marijuana residue in her front right pocket during the December 2012 incident. This testimony further indicates that Linda used the vehicle in order to receive marijuana in this instance. See *Forfeiture of $25,505*, 220 Mich App at 574. Therefore, the vehicle was subject to forfeiture. See *id*.

The trial court clearly erred when it credited Linda's testimony over Officer Fruit's testimony. Linda testified that she received the marijuana as a tip for a pizza that she delivered. According to Linda, she receives marijuana as a tip a few times per month. However, there were several inconsistencies in Linda's testimony. Linda testified that she received a monetary tip for delivering the pizza, which indicates that she did not receive the marijuana as a tip. The fact that Linda had a marijuana pipe in the vehicle shows that she intended to receive marijuana in the near future. Linda failed to explain why she had a marijuana pipe in the vehicle. Linda also testified regarding the December 2012 case. She denied that the marijuana that was found in the vehicle was hers, but failed to explain why the grinder was in her pocket. Furthermore, Linda had reason to fabricate her story in order to avoid forfeiture of the vehicle. Considering the testimony as a whole, Linda's testimony was incredible. See *Forfeiture of $19,250*, 209 Mich App at 29. In contrast, Officer Fruit's testimony regarding the incident was credible since he did not contradict himself during his testimony and had no reason to fabricate his story. See *id*.

Therefore, the trial court made a mistake when it credited Linda's testimony over Officer Fruit's testimony.  See *id*.

Accordingly, the prosecution established by a preponderance of the evidence that Linda used the vehicle to purchase marijuana and, therefore, used the vehicle for the purpose of receipt of marijuana.  I would affirm the judgment of forfeiture.

/s/ Kathleen Jansen